# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

KATHLEEN COLEMAN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C05-3045-PAZ

**ORDER**

_____

This matter is before the court on the plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The plaintiff seeks reimbursement of attorney fees in the amount of $10,078.44, and costs of $1,612.89. The defendant resists the motion, asking the court to deny the plaintiff's application outright or, alternatively, to reduce the amount of fees and expenses awarded to the plaintiff.

The plaintiff argues the defendant's position was not substantially justified, entitling the plaintiff to an award of her attorney fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). The defendant argues the Eighth Circuit's decision that the administrative record did not contain substantial evidence to support the Commissioner's denial of benefits does not automatically mean the Commissioner's decision was not substantially justified. The Commissioner cites *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991), in which the court held the Commissioner may "lose on the merits of the disability question and win on the application for attorney's fees," because the "substantial evidence" and "substantial justification" standards are different. The *Welter* court explained that "under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position take by the [Commissioner.]" *Id.* In a

similar vein, the plaintiff cites *Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S. Ct. 2541, 2550 n.2, 101 L. Ed. 2d 490 (1988), in which the Court observed "a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

The Commissioner notes that in this court's decision, the undersigned observed that "the disability determination [in this case] is a very close call," with "evidence that both supports and detracts from the Commissioner's decision." However, in reversing the undersigned's judgment and directing remand for further development of the record and an administrative rehearing, the Eighth Circuit found the record evidence to be incomplete and insufficient to support the Commissioner's position. From the appellate court's evaluation of the record, it is clear the Eighth Circuit did not deem the Commissioner's position to have "a reasonable basis in law and fact." Accordingly, the court finds the Commissioner's position was not substantially justified and EAJA fees should be awarded.

The court therefore turns to consideration of the amount of fees and expenses requested by the plaintiff. The Commissioner argues the fee request is excessive in two specific areas. The plaintiff seeks attorney fees for .30 hours relating to requests for extensions of time to file briefs. The Commissioner argues "hours expended obtaining extensions of time are not compensable under the EAJA," citing cases from other jurisdictions. *See* Doc. No. 32 (citing *United States v. 22249 Dolorosa Street*, 190 F.3d 977, 985 (9th Cir. 1999); *Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992); *Bowman v. Secretary of HHS*, 744 F. Supp. 898, 900 (E.D. Ark. 1990)). The Eighth Circuit Court of Appeals has not ruled on the issue of whether an attorney's time spent in filing routine procedural motions is compensable under the EAJA.

The cases cited by the Commissioner do not support a blanket conclusion that "hours expended obtaining extensions of time are not compensable under the EAJA," as

the Commissioner claims.  In *United States v. 22249 Dolorosa Street*, the court "exclude[d] as unnecessary the 13.1 hours spent on the untimely supplemental fee application for fees incurred in the district court." *Id.*, 190 F.3d at 985 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 19309-40, 76 L. Ed. 2d 40 (1983) ("'[E]xcessive, redundant, or otherwise unnecessary'" hours should be excluded from the fee award."). The case is distinguishable on its facts, and it does not support the all-encompassing conclusion stated by the Commissioner.

In *Burr v. Bowen*, the court found "the [2.81] hours expended for obtaining extensions of time were not reasonably necessary." *Id.*, 782 F. Supp. at 1290. A claim of nearly three hours to obtain extensions of time is a far cry from the .30 hours sought here. Without more, the court has no basis for further comparison of the *Burr* court's conclusion with the facts in the present case; however, in any event, the decision does not stand for the proposition that "hours expended obtaining extensions of time are not compensable under the EAJA."

In *Bowman v. Secretary of HHS*, the court found a claim for one hour of attorney time "for drafting a motion for extension of time, drafting a letter to cover the extension of time, reviewing the file marked copy of plaintiff's own motion, and reviewing the order granting the extension," not to be "wholly justified." The court noted "the stated reason for the extension was counsel's press of business in other matters," and found it "hard to see why counsel should be paid $75 for obtaining an extension of time which was entirely for counsel's convenience." *Id.*, 744 F. Supp. at 900, ¶ 7. In the present case, the plaintiff's attorney sought an extension of time in this court "to fully develop the issues of this case." Doc. No. 11. The Commissioner has not offered copies of the plaintiff's requests for extensions of time before the appellate court to show that the plaintiff's stated reasons for the requests were unjustified, nor has the Commissioner argued the extensions of time were "entirely for counsel's convenience." The *Bowman* case is distinguishable

on its facts, and in any event, does not stand for the conclusion asserted by the Commissioner.

In the present case, in each of the three instances when the plaintiff's attorney filed a motion for extension of time, counsel spent one-tenth of an hour – six minutes – to draft and file the motion. The court finds this amount of time to be justified and reasonable. An attorney should be compensated even for routine procedural matters which are part and parcel of the representation of the client. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983) ("'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.' *Copeland v. Marshall*, 205 U.S. App. D.C. 290, 401, 641 F. 2d 800, 891 (1980) (en banc) (emphasis in original).").

The Commissioner also objects to the 38.5 hours claimed by the plaintiff's attorney for the preparation of briefs, representing 20 hours for the brief in this court and 18.50 hours for the appellate brief. The Commissioner argues, "Courts have held that, in general, the reasonable hours expended on a Social Security claim before the district court is 15 to 20 hours." Doc. No. 32 at 8 (citing *Vanover v. Chater*, 946 F. Supp. 744, 746 (E.D. Mo. 1996); *Kramer v. Apfel*, 57 F. Supp. 2d 774, 775 (S.D. Iowa 1999)). The Commissioner notes the administrative record in this case was comparatively small, at 294 pages. He argues the claim for 20 hours for drafting a 39-page brief is excessive, especially in light of the authorities holding that a total of 15 to 20 hours is reasonable for the average case that is not particularly complex or novel. Doc. No. 32 at 8.

Although *some* courts have held, as the Commissioner suggests, that a total of 15 to 20 hours is reasonable in this type of case, other courts have held routine disability benefits cases commonly require 20 to 40 hours of attorney time. *See, e.g.*, *Cruz v. Apfel*, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999) (holding disability benefits cases commonly require 20 to 40 hours of attorney time); *Aston v. Sec'y of H.H.S.*, 808 F.2d 9, 11 (2d Cir.

1986) (affirming fee award for 200 hours, based on facts of case). In any event, the court has broad discretion to determine the amount of time reasonably expended, and the court's EAJA fee award is reviewed only for abuse of discretion. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) ("the ultimate amount of an EAJA fee award remains within the district court's discretion"); *see also Decker v. Sullivan*, 976 F.2d 456, 459 n.1 (8th Cir. 1992) (citing *Sec v Comserv Corp.*, 908 F.2d 1407, 1411 (8th Cir. 1990) (noting "'a request for attorney's fees should not result in a second major litigation.' *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S. Ct. 2541, 2548, 101 L. Ed. 2d 490 (1988).").

The present case was not unusually complex and the administrative record was comparatively small. The court finds it is reasonable to reduce the amount claimed for briefing time by approximately 27%, and reduces the number of hours for brief preparation to a total of 28. *See Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006) (holding the court need not "scrutinize each action taken or the time spent on it when determining what is reasonable," and may exercise its discretion "simply to apply a reasonable percentage reduction as a practical means of trimming fat from a fee application") (internal quotation marks, citation omitted)).

In addition, the court disallows the one-quarter hour claimed for a motion to withdraw and substitution of counsel relating to two attorneys who were within the same law firm. The substitution of attorneys within the same firm is a task that is clerical in nature, and therefore it is not compensable under EAJA. *See Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004). The total time reduction of 10.75 hours is allocated as follows: .25 hours from 2005 fees, 8.0 hours from 2006 fees, and 2.50 hours from 2007 fees, leaving totals of 2.25 hours for 2005, 33.75 hours for 2006, and 16.26 hours for 2007.

The Commissioner further objects to the plaintiff's claim for certain expenses. In particular, he objects to the combined request for $1,123.16, representing counsel's travel

5

time plus $365.02 in mileage for travel from Des Moines, Iowa, to St. Louis, Missouri, for oral argument of the case before the Eighth Circuit. The court notes the plaintiff's counsel billed his travel time at one-third of his usual hourly rate. This is consistent with the decisions of other circuits that have allowed travel time at a lower hourly rate. *See Cooper v. U.S.R.R. Retirement Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994) (allowing travel time at half the usual rate; citing cases). The Commissioner apparently objects to the claim for *both* travel time *and* travel expenses. The EAJA allows for the payment of both reasonable attorney fees and expenses, 28 U.S.C. § 2412(b), and the court finds reimbursement of both to be proper. As to the amount, the Commissioner argues the plaintiff made a calculation error, seeking reimbursement for 752.62 miles at $.0485 per mile, but arriving at a total of $365.02. This argument is trivial. The Commissioner acknowledges the current mileage rate as approved for travel by federal government employees is $0.485 per mile. It is clear the plaintiff simply transposed the decimal point and the zero in the fee application.

Except for the reduction of 10.75 hours discussed above, the court finds the remainder of the plaintiff's request for reimbursement of fees and costs to be reasonable. The court therefore finds an award of fees in the amount of $8,360.90[1] and costs in the amount of $1,612.89 is appropriate.

As the Commissioner notes, filing fees are paid from the Judgment Fund administered by the Treasury, and not by the Social Security Administration ("SSA"). *See* 28 U.S.C. § 2412(d)(4); 31 U.S.C. § 1304. Thus, the expenses to be paid by the SSA total $907.89, with the remaining $705.00 to be paid from the Judgment Fund.

One final issue remains. In her motion, the plaintiff requests that payments be made directly to her attorney's law firm. The Commissioner objects, noting the plaintiff has not

---

[1] Fees are calculated as follows: 2005 Hours: 2.25 x $155.25 = $349.31; 2006 Hours: 33.75 x $159.00 = $5,366.25; 2007 Hours: 16.26 x $162.69 = $2,645.34.

produced evidence of an assignment to her counsel of the plaintiff's right to the EAJA fees. The statute provides for payment of fees and expenses "to the prevailing party," not to a party's attorney. 28 U.S.C. § 2412(b); *see id.*, subsection (d)(1)(B) (directing "[a] *party* seeking an award of fees and other expenses" to submit an application to the court, "including an itemized statement from any attorney or expert witness. . . .") (emphasis added). Therefore, judgment will be entered for the plaintiff, not her counsel.

In conclusion, the plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act is **granted in part and denied in part**. Judgment will enter for the plaintiff in the amount of $8,360.90, representing attorney fees, and $907.89, representing costs, to be paid by the Social Security Administration pursuant to the Act; and $705.00, representing filing fees, to be paid from the Judgment Fund.

**IT IS SO ORDERED.**

**DATED** this 17th day of December, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT